JOHN WAGNER

v.

JOSEPH AULTMAN.

1. MALICIOUS PROSECUTION—WHAT WILL BE CONSIDERED IN SUCH ACTIONS.—In cases of malicious prosecution, the question is not whether the plaintiff be really guilty of the crime charged, but whether, under all the circumstances in proof, the defendant had reasonable ground to believe him guilty.

2. PROBABLE CAUSE—MOTIVE IMMATERIAL.—In this case the appellant found a person fainting from the effects of a wound upon the head; was told that appellee had inflicted the wound; the physician present was unable to tell how serious the wound might prove, and the appellant, on being advised by the physician and an attorney whom he consulted, swore out a warrant for the arrest of appellee. Under the circumstances, appellant was fully justified in taking such a course; there was probable cause, and where this exists, the motive of the prosecutor is immaterial.

APPEAL from the Circuit Court of Bureau county; the Hon. FRANCIS GOODSPEED, Judge, presiding.

Messrs. ECKLES, KYLE & STIPP, for appellant; argued that the burden of proof is on the plaintiff to show that the defendant acted maliciously, and cited Calef v. Thomas, 81 Ill. 478; Ames v. Snider, 69 Ill. 376.

Where a person consults competent legal counsel, who advise the arrest or prosecution, the party causing the arrest should not be held to respond in damages, notwithstanding it may appear on trial that the accused was not guilty: Ames v. Snider, 69 Ill. 376; Collins et al. v. Hayte, 50 Ill. 337; Skidmore v. Bricker, 77 Ill. 164; Ross v. Innis, 35 Ill. 488; Murphy v. Larson, 77 Ill. 172.

Want of probable cause cannot be inferred from malice: Ames v. Snider, 69 Ill. 376.

Malice cannot be inferred from the fact that the prosecution was upon information and not upon direct knowledge: Harpham et al. v. Whitney, 77 Ill. 32.

Messrs. KENDALL and LOVEJOY, for appellee; that the existence of malice is a question for the jury: cited Harpham v. Whitney, 77 Ill. 32; 2 Greenleaf on Ev. § 453.

The prosecution of a person with any other motive than that of bringing the offender to justice, is a malicious prosecution: Krug v. Ward, 77 Ill. 603; Connelly v. The People, 81 Ill. 379.

It is a question of fact for the jury, whether the party acted in good faith upon the advice received from counsel: Anderson v. Friend, 71 Ill. 475.

If groundless charges are maliciously and without probable cause coupled with others which are well founded, they are not the less injurious, and constitute a valid ground of action: Brennan v. The People, 15 Ill. 511; Savage v. Brewer, 16 Pick. 455; 1 Bishop Crim. Law, § 795; 2 Greenleaf on Ev. § 449.

PILLSBURY, J. Action on the case for malicious prosecution. Verdict and judgment for $500 for plaintiff, and the defendant appeals.

The first count in the declaration charges that the appellant "falsely, maliciously, and without any reasonable or probable cause, went and appeared before one Robert Gibons, a justice of the peace, and then and there charged him, the plaintiff, with having unlawfully assaulted and beat one Augusta Walter with a lantern, which, as used by the said Aultman, was a deadly instrument, with the intent her the said Walter to kill and murder. That warrant was issued, plaintiff was arrested, and subsequently tried and acquitted of such offense."

The second count is substantially like the first.

The third count charges in substance that the defendant instigated and procured one Elizabeth Smith to cause plaintiff's arrest upon a charge of rape; that he was bound over by the justice to the Circuit Court to answer said charge, and no indictment being found, he was discharged, etc.

Wagner v. Aultman.

There is no evidence in the record connecting appellee with the arrest alleged in the third count of the declaration; on the contrary, it shows clearly that he had nothing whatever to do with it, but that it was caused by Mrs. Albrecht and the complaining witness, Elizabeth Smith.

The evidence introduced under the first and second counts shows that one Jacob Albrecht owned a brewery near the city of Princeton, and that Aultman was employed by him as foreman. That Albrecht was a very old man and much under the influence of appellee.

That Aultman and Mrs. Albrecht were at enmity and had frequent quarrels and fights. That in February, 1877, Mrs. Albrecht saw proper to remove a bed from the bar room attached to the brewery, and while so engaged, Aultman came in and told her she should not remove it.

She replied that she would, whereupon Aultman seized a lantern, broke the glass over the stove and then struck Mrs. Aultman with it. Augusta Walter was present assisting Mrs. Albrecht by her order in removing the bed, and during the fight she was hit on the forehead by the lantern in the hands of Aultman, causing a wound from one to one and a half inches long and penetrating to the skull.

At this time the appellant was not present but was sent for and found there upon his arrival, his wife, Dr. Thompson and some other parties. He was informed by his wife and Mrs. Albrecht that Aultman had struck the girl with the lantern. He asked the doctor if the cut was dangerous, and was informed by him that he could not tell until after an examination, but that Aultman should be arrested, and directed Wagner to procure a warrant.

Thereupon appellee went to the office of Geo. W. Stipp, an attorney at law and stated to him the facts as he had learned them, and was advised by Stipp that he ought to be arrested for an assault with intent to kill.

Appellee then swore to the complaint charging appellant with that crime, and he was arrested, and upon trial the justice found him guilty of assault and battery. For this prosecution appellee seeks to recover damages.

In cases of malicious prosecution, the question is not whether the plaintiff be really guilty of the crime charged, but whether, under all the circumstances in proof, the defendant had reasonable grounds to believe him guilty; in other words, was there reasonable and probable cause for the arrest? The appellant found the girl in a fainting condition, covered with blood from a ghastly wound upon the head; was told by the surgeon that he could not determine whether it was dangerous until further examination, but that Aultman ought to be arrested; was informed by Mrs. Albrecht that Aultman had inflicted it with a lantern; was advised by one of the best attorneys in the State what, in his opinion, the offense was under the law, and acting under impressions thus received, he caused the arrest.

What reasonable man would have done otherwise?

We have no hesitation in holding that, under the circumstances in proof, he was justified, as there was probable cause. If there be probable cause, the motive of the prosecutor is immaterial: Ames v. Snider, 69 Ill. 376.

The judgment will be reversed and the cause remanded.

Judgment reversed.